HARLOW LANGDON & Wife vs. MINNESOTA FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION.

September 29, 1875.

Fire Insurance—Transfer of Title to Premises from Insured to his Wife.—Where, by the terms of a fire policy, the sale or transfer of the insured premises, or a

change in the title thereof by voluntary transfer or conveyance, cuts off all right of recovery upon the policy, a conveyance of the premises by the insured and his wife to S., who reconveys to the wife, operates to cut off such right of recovery, notwithstanding it appears that the conveyances were made as a substitute for a will devising the property to the wife, and that it was not the intention to divest the insured to the entire title, but that he was to retain, and did retain, possession and control of the property after the conveyances as before.

Same—Effect of Notice to the Insurance Company of the Transfer.—The fact that, after the execution of the conveyances, the wife, for the purpose of having the policy changed, if necessary, went to the office of defendant's secretary, and notified him that the conveyance had been made, and was informed by him that "it made no difference, and that no change was necessary," and that upon being so informed she took no further steps in the premises, but suffered the policy to remain as it was, does not operate to preserve a right of action upon the policy to the insured in case of loss, or to confer one upon the wife, it not appearing that the policy had been assigned to her.

Appeal by defendant from an order of the court of common pleas of Hennepin county, *Young*, J., presiding, refusing a new trial.

*Beebe & Shaw*, for appellant.

*Atwater & Babcock*, for respondents.

BERRY, J. The defendant made a fire policy running to plaintiff, Harlow Langdon, and insuring, among other things, a dwelling-house, of which he was owner. The house having been destroyed by fire, this action is brought upon the policy, the defendant having refused to pay the loss after proper notice and proof. The policy contained the following provision, viz. : " If the property be sold or transferred, * * * or any change takes place in the title or possession, whether by legal process, judicial decree, voluntary transfer or conveyance, * * * then, and in every such case, the insured shall not be entitled to recover from the association any loss or damage which may occur in or to the property hereby insured, or any part or portion thereof." After the issue of the policy, and before the fire, the plaintiffs, Harlow Langdon and Caroline Langdon, his wife, conveyed the dwelling-house and premises on which it was situated to one Sargent, by whom, and his wife, the same were conveyed to plaintiff, Caroline Langdon.

Under the provisions above quoted this change in the title of the property precludes any recovery upon the policy, unless this result is prevented by other facts appearing. It is claimed that these conveyances were made as a substitute for a will devising the property to Mrs. Langdon, and that it was not the intention to divest Harlow Langdon of the entire title, but that he was to retain, and did retain, possession and control of the property after the transfer as before. If it be admitted that there is evidence tending to establish this claim, the intention of the parties in no way affects the stubborn circumstance that the property was in fact transferred, and the title thereto in fact changed, by the conveyances, and, therefore, in no way avoids the effect of this provision of the policy in barring any right of recovery.

The further claim is made that after the execution of the conveyances, Mrs. Langdon, for the purpose of having the policy changed, if necessary, went to the office of defendant's secretary, and notified him that the deeds had been made, and was informed by him that "it made no difference, and that no change was necessary," and that upon being so informed she took no further steps in the premises, but suffered the policy to remain as it was. It is contended that this action on the part of the secretary waived the provision of the policy referred to. But, admitting the facts to be as claimed, they do not aid the plaintiffs. *First*, they do not aid Harlow Langdon, because, having parted with his interest in the property, the loss was not his; *second*, they do not aid Mrs. Langdon, because there is not alleged in the complaint, nor is there any evidence in the case tending to show, any assignment of the policy to her by her husband. Without such assignment she would have no interest in the policy which the waiver could affect.

Order reversed.