## FRANKLIN SAVINGS INSTITUTION *vs.* CENTRAL MUTUAL FIRE INSURANCE COMPANY.

Franklin. Sept. 22, 1875. — Jan. 4, 1876. AMES & DEVENS, JJ., absent.

Where a building is insured against fire by a policy which provides that "if the assured shall vacate the property in whole or in part, this policy shall be void ; this company will not insure unoccupied property," and an indorsement is made upon the policy by which it is to be payable in case of loss or damage to mortgagees of the insured property "as their mortgage claim may appear," and the property is afterwards destroyed by fire, when unoccupied, the policy is void both as to the original assured and the mortgagees.

MORTON, J. The policy of insurance, upon which this suit is brought, contains the provision that "if the assured shall vacate the property in whole or in part, this policy shall be void ; this company will not insure unoccupied property." It appears by the agreed statement of facts that the premises were vacated by the occupant before the fire and remained unoccupied up to the time of the fire. It is clear, therefore, that the policy was void as to Kelliher, the original assured, and that he could not maintain an action upon it. *Harrison* v. *City Ins. Co.* 9 Allen, 231. *Keith* v. *Quincy Mutual Ins. Co.* 10 Allen, 228.

But the plaintiffs contend that by the indorsement upon the policy a new contract of insurance was made with them, and that they are not affected by the acts of Kelliher in vacating the property insured. The plaintiffs held a mortgage of the property, and on the day after the policy was issued, an indorsement was made upon it that it was to be payable in case of loss or damage to them "as their mortgage claim may appear."

It has been repeatedly held by this court that such an indorsement does not operate as an assignment of the policy, nor as a

contract to insure the interest of the mortgagees, but that they can claim only what the party originally insured is entitled to recover under his contract. *Fogg* v. *Middlesex Mut. Ins. Co.* 10 Cush. 337. *Hale* v. *Mechanics' Mut. Ins. Co.* 6 Gray, 169. *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28.

The case at bar falls within these decisions, and is clearly distinguishable from *Foster* v. *Equitable Ins. Co.* 2 Gray, 216, upon which the plaintiff relies. In that case the assured assigned his policy to the mortgagee, who, as required by the company, gave his deposit note, promising to pay all assessments thereafter made against said policy. The court held that the effect of this was to create a new contract of insurance, by which, for a new consideration, the company agreed to insure the interest of the mortgagee, and therefore that he would not be affected by the subsequent acts of the party originally insured. But in the case at bar there was no assignment of the policy, and the plaintiff did not give any deposit notes. The only new contract entered into was, that the defendant should pay to the plaintiffs any loss to which Kelliher might be entitled under his policy, not in full, but to the extent of their claim as mortgagees.

For these reasons, without considering the other objections made by the defendant, we are of opinion that the plaintiffs are not entitled to recover.          *Judgment for the defendant.*

*S. O. Lamb*, for the plaintiffs.

*W. S. B. Hopkins*, for the defendant.