## TIMOTHY H. SMITH vs. UNION INSURANCE COMPANY.

Suffolk. · March 9, 10. — 11, 1876.   AMES & MORTON, JJ., absent.

A building was insured against fire by a policy which provided that if the property should be sold, or if the policy should be assigned, without the consent of the company, " in every such case the risk shall cease and determine, and this policy be null and void." The building was conveyed, a mortgage given back for part of the purchase money, and the policy was assigned, with the consent of the company, to the grantee, who afterwards made an indorsement upon the policy by which it was to be payable, in case of loss, to the original insured " as his interest may appear." This was also assented to by the company. The grantee afterwards conveyed the building to another person without the consent of the company, and, on its destruction by fire, made proof to the company, stating that this person was sole owner. *Held,* that the policy was avoided by the last mentioned conveyance, so that neither the plaintiff nor any other person could maintain an action thereon.

CONTRACT upon a policy of insurance on a house issued May 24, 1872, by the defendant to the plaintiff, containing the following provision :

" And the assured hereby covenant and engage that if the assured shall have made or shall hereafter make any other insurance upon the said property without the knowledge and consent of the said company, or if the said property should be removed without necessity to any other place, or if the situation or circumstances affecting the risk thereupon shall be so altered or changed, by or with the advice, agency or consent of the assured, as to increase the risk thereupon, or if the said property should be sold, or if this policy should be assigned without the consent of the company, or if the assured shall make any attempt to defraud the company, that in every such case the risk shall cease and determine, and this policy be null and void."

The case was submitted to this court upon an agreed statement of facts in substance as follows :

The plaintiff, by deed dated May 31, 1873, conveyed the land on which the house stood to one Bigelow for $7000, and took back a mortgage, for a consideration of $4000, upon the premises, from Bigelow, of even date with his conveyance of the same to Bigelow. The mortgage was assigned July 8, 1873, by the plaintiff to one Bean for a consideration of $4000, and on February 5, 1874, was reassigned for a consideration of $4000 by Bean to the plaintiff, who still holds it. No notice of either of

these assignments was given to the company, nor any consent asked or given. On June 9, 1873, the policy was assigned by the plaintiff to Bigelow, and this was approved by the company. On the same date Bigelow drew an order upon the back of the policy in these words, signed by him : " Boston, June 9, 1873. Please pay any loss under the within policy to T. H. Smith, as his interest may appear." This was assented to in writing by the company. A total loss occurred by fire in April, 1874, of which due proof was made to the company by Bigelow, stating that Henrietta A. Bigelow was sole owner. Subsequently to June 9, 1873, and prior to the fire, the premises were again sold and conveyed by Bigelow to Henrietta A. Bigelow, and no notice was given the company, and no assent was asked or procured.

If on the foregoing facts the action could be maintained, the case was to be sent to an assessor to ascertain the amount of the plaintiff's interest ; otherwise judgment to be entered for the defendant.

*N. B. Bryant*, for the plaintiff.

*J. C. Dodge*, for the defendant.

GRAY, C. J. Upon the conveyance of the premises and the assignment of the policy, with the assent of the insurance company, from Smith to Bigelow, Bigelow became the owner of the property and the assured in the policy. The order, afterwards indorsed by him upon the policy, did not make the plaintiff the assignee of the policy, nor the party insured thereby, but merely the payee in case of loss. The subsequent conveyance and sale of the property by Bigelow, without the assent of the company, avoided the policy, so that neither the plaintiff nor any other person can maintain an action thereon. *Bates* v. *Equitable Ins. Co.* 10 Wall. 33. *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28. *Lawrence* v. *Holyoke Ins. Co.* 11 Allen, 387. *Atherton* v *Phœnix Ins. Co.* 109 Mass. 32. *Franklin Savings Institution* v. *Central Ins. Co.* 119 Mass. 240. *Judgment for the defendant.*