BRUNSWICK SAV. INSTITUTION *v.* COMMERCIAL INS. CO. 313

68 313
88 107

## BRUNSWICK SAVINGS INSTITUTION *vs.* COMMERCIAL UNION INSURANCE COMPANY.

### Cumberland. Decided June 11, 1878.

*Insurance.*

M was insured on her dwelling house which was already mortgaged to the plaintiffs, the conditions broken and proceedings commenced for foreclosure, of which the defendant insurance company had no notice. By a clause in the policy the insurance was "payable in case of loss to the plaintiffs to the amount of the mortgage held by them." The policy stipulates, "if the property be sold or transferred, or any change take place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance . . . then . . . this policy shall be void." *Held*, 1. That the insurance was upon the property of M, and not upon the interest of the plaintiffs as mortgagees. 2. That the clause making the insurance payable to the plaintiffs was merely a contingent order: that any violation of the conditions and stipulations of the policy which would defeat the right of the assured to recover upon it, would defeat the right of the plaintiffs. 3. That the foreclosure of the mortgage effected a change of title of the assured by legal process within the meaning of the policy, and the policy thereby became void.

ON REPORT.

ASSUMPSIT on a policy of insurance for $5,000, on a house in Deering, held by them at the time of the loss, by foreclosure of a mortgage for $3,500. The house was of the admitted value of $5,000.

The facts appear in the opinion.

*W. Thompson*, for the plaintiffs.

The policy shows that when it was issued, the defendants had notice that Mrs. Merrill had a mortgagor's title, and the plaintiffs, a mortgagee's title. Since then neither of them has done any act affecting the title. The equity of redemption expired by lapse of time.

If the right of redemption had not expired before the loss occurred, the defendants would have been liable on the policy for $5,000, payable in part to the plaintiffs, and the residue to Mrs. Merrill. They are not prejudiced in being required to pay the whole to one of the parties instead of dividing it.

*J. Howard, N. Cleaves & H. B. Cleaves*, for the defendants.

LIBBEY, J. On the 11th day of September, 1874, Sophia B. Merrill was insured in the Narraganset Insurance Company in the sum of five thousand dollars on her dwelling house, and on that day surrendered her policy and in lieu thereof took the one in suit, which was a reinsurance procured by the Narraganset Insurance Company. She had before that time mortgaged the house to the plaintiffs to secure the payment of thirty-five hundred dollars. The condition of the mortgage had been broken, and the plaintiffs had commenced proceedings for foreclosure, but the defendant had no knowledge thereof. The foreclosure was perfected and the title became absolute in the plaintiffs, on the 24th of July, 1875, before the loss.

By a clause in the policy the insurance is "payable in case of loss, to the Brunswick Savings Institution to the amount of mortgage held by them."

The first specification of the conditions and stipulations in the policy, which are declared to constitute the basis of the insurance, among other things, contains the following: " Or if the property be sold or transferred, or any change take place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance, . . . then . . . this policy shall be void."

Under this policy, by the well settled rule of law, Sophia B. Merrill is the assured. She was the general owner, had an insurable interest in the property and paid the premium. The insurance was upon her property and not upon the interest of the plaintiffs as mortgagees. *Fogg* v. *Middlesex Mut. F. Ins. Co.* 10 Cush. 337. *Sanford* v. *Mechanics' Mut. F. Ins. Co.* 12 Cush. 541. *Jackson* v. *Farmers' Mut. F. Ins. Co.* 5 Gray, 52. *Hale* v. *Mechanics' Mut. F. Ins. Co.* 6 Gray, 169. *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28. *Turner* v. *Quincy Ins. Co.* 109 Mass. 568. *Franklin Sav. Institution* v. *Central Mut. F. Ins. Co.* 119 Mass. 240.

The clause in the policy, " payable in case of loss to the Brunswick Savings Institution to the amount of mortgage held by them," is not an insurance of the plaintiffs' interest in the property, nor an assignment of the policy to the plaintiffs. It is merely a contin-

gent order or stipulation, assented to by the defendants, for the payment of the loss of the assured, if any, to the plaintiffs. It gives the plaintiffs the same right to recover that the assured would have if no such clause had been inserted in the policy. Any violation of the conditions and stipulations of the policy which would defeat the right of the assured to recover upon it, will defeat the right of the plaintiffs. *Bates* v. *Equitable Ins. Co.* 10 Wall. 33. *Grosvenor* v. *Atlantic Ins. Co.* 17 N. Y. 391. *State Mut. F. Co.* v. *Roberts,* 31 Pa. St. 438. *Foote* v. *Hartford Ins. Co.* 119 Mass. 259. *Smith* v. *Union Ins. Co.* 120 Mass. 90. *City Five Cents Saving Bank* v. *Penn. Ins. Co.* 122 Mass. 165.

It remains to be determined whether the foreclosure of the plaintiffs' mortgage was a transfer of, or change in the title of the assured, within the meaning of the first condition and stipulation in the policy. Undoubtedly it was. When the policy was issued the assured had the general title. The plaintiffs' mortgage was an incumbrance. The foreclosure by the mortgagees was by "legal process." It was the process provided by law for the foreclosure of mortgages, and the extinguishment of the title of the mortgagors. When the provisions of the statute were complied with and the requisite time had elapsed, the mortgage, which before was an incumbrance, became absolute, and the alienation of the title of the assured became perfected. *Campbell* v. *Hamilton Mut. Ins. Co.* 51 Maine, 69. *Abbott* v. *Hampden Mut. F. Ins. Co.* 30 Maine, 414.

It is not claimed that the defendants ever consented to the transfer of the title. By the foreclosure the assured ceased to have any title to, or insurable interest in the property insured, and the policy thereby became void.

*Judgment for defendants.*

APPLETON, C. J., WALTON, VIRGIN and PETERS, JJ., concurred.