FITCHBURG SAVINGS BANK *vs.* AMAZON INSURANCE COMPANY.

Worcester.   October 2. — 7, 1878.   AMES & SOULE, JJ., absent.

In an action on a policy of insurance on the property of A., "payable in case of loss to B., mortgagee," containing the condition that if the assured's interest was other than "free and unincumbered," "and is not so expressed in the written portion of the policy, then and in every such case this policy shall be void," it appeared that the property was subject to another mortgage to C., which was not stated in the policy. There was evidence that B. first obtained a policy on his interest as mortgagee from the company's agent, but, on the company's refusal to carry the risk in that form, accepted the policy in question on the assurance of the agent that he would be equally safe. *Held,* that the policy was void; and that the evidence was incompetent, and did not show that any other than A.'s interest was insured.

CONTRACT upon a policy of insurance dated June 1, 1876, by which the defendant insured F. S. Coolidge against loss or damage by fire or lightning to the amount of $1500, for the term of six months from June 1, 1876, upon certain mill property, "payable in case of loss to the Fitchburg Savings Bank, mortgagee." The policy also contained on its face, and before the signatures of the officers of the defendant company, the following provisions : "If any change takes place in the title or possession of the property, whether by sale. lease, legal process, judicial decree, voluntary transfer, conveyance or otherwise, or if the interest of the assured be any other than the entire, unconditional, free and unincumbered ownership of the property, and is not so expressed in the written portion of the policy, then and in every

such case this policy shall be void." " The following facts are considered material to the risk and must be fully disclosed to the company, viz. : all facts relating to the title, ownership, posses‑ sion or occupancy of the property insured, or any incumbrance thereon." " No waiver or modification of any of the terms or conditions of this policy shall be made in any event."

At the trial in the Superior Court, before *Bacon*, J., without a jury, it appeared that the buildings insured were destroyed by fire on October 7, 1876, and due proof of loss was made; and that the plaintiff had mortgages on the property to the amount of $4000.

The plaintiff was then allowed by consent to prove the follow ing facts, all objection to the competency of the facts being re‑ served: On June 1 or 2, 1876, a policy of insurance, No. 157,728, with printed provisions like those in the present policy, and bearing the same date, on the same property and for the same amount, describing the property as owned by F. S. Coolidge, was issued through C. B. Dennis & Company, the local agents of the defendant, at Fitchburg, to the plaintiff, as mortgagee, who paid the premium thereon, and Dennis & Company made report thereof to the defendant at Cincinnati upon the usual blank pro‑ vided for that purpose, and gave a copy of the written portion of the policy, and sent at the same time the following letter to the defendant :

" Dear Sir: Mr. Coolidge having indorsed notes of several of his customers, who have suspended, he has been obliged to stop. But his assets are equal to his debts, and his relations with his creditors are pleasant; he will be running again very soon, he expects within a month. There is no moral hazard, as the prop‑ erty is only partially insured, ($4000 in all, and the property is worth $10,000.) It is under good charge and well cared for. He is an intimate friend of ours, and we can vouch for him and the risk, as we are very well acquainted with all the circum‑ stances in relation to it."

To this letter the defendant replied by letter dated June 26, 1876, as follows : " In re Fitchburg Savings Bank, mortgagee. As a general rule we decline propositions for insurance on mills not in operation, but are disposed to listen to your plea in regard to Mr. F. S. Coolidge, provided form of policy can be modified

If you can write it to owner, Mr. Coolidge, direct, loss if any payable to bank as its mortgagee interest may appear, we will carry the risk, in which case make full daily report of new No., values, other insurance, &c. If this modification be not acceptable, cancel 157,728, and let us withdraw altogether from the risk."

Dennis took this letter to the plaintiff, showed it to its officers, and the first policy was cancelled and the present policy delivered to the plaintiff on June 28 or 29, 1876, and report thereof was made by Dennis & Company to the defendant.

Andrew Jewett, the assistant treasurer of the plaintiff, testified as follows : " I recollect Dennis coming to the bank about the insurance; we told him we wanted about $2500. He wanted to put some of it in the Amazon Company, and represented that it was as good as any company. We then took out a policy in the company as mortgagee. Some time afterwards, Dennis came to the bank and brought in another policy and said ' Look here, I want to change that policy,' said he had had a letter from the president, who said they could not carry the risk in that form ; that they had a by-law ; that they would not insure the mortgagee's risk; that their directors were very conservative and would throw out any such risk as that and would not pass it. He said 'I have here a policy in name of F. S. Coolidge, payable to Savings Bank in case of loss.' I told him I did not like to change policies, we were all right as we were. He said we would be just as well off with a policy in this form as with the one we had ; and in that way they would get round the by-law. I told him then that I could not change the policy without the consent of Mr. Billings, the treasurer. Mr. Billings then came in, and Dennis told him also that we were as well off with this policy as the other. Billings said if we could recover in case of loss as well under this as the other, he would consent to change. We paid the premium on the policy. Dennis replied to Billings that it was payable to the bank in case of loss, and the company could not help paying. Billings told Dennis that he did not care what the form of the policy was so long as the bank was secure in case of loss."

Dennis testified that when he obtained the policy in the Amazon Insurance Company on the property of F. S. Coolidge for

the Fitchburg Savings Bank, he stated to Mr. Jewett, the assist-
ant treasurer of the bank, that the company objected to making
a policy to the bank direct as mortgagee, but would write it to
F. S. Coolidge direct, payable to the bank in case of loss, and
that the bank would be just as safe with that as with a policy
running direct to it as mortgagee; that, in case of loss, it could
recover as well as if running to it as mortgagee; that the bank
paid the premium.

The defendant then proved the following facts: On August
14, 1875, F. S. Coolidge mortgaged the premises to Samuel G.
Kendall for $1500 by a mortgage duly recorded and not dis-
charged of record.   On May 6, 1876, Coolidge filed his petition
in bankruptcy and was adjudicated a bankrupt on May 15, 1876,
and an assignment of his estate was made on June 8, 1876, to
William Woodbury, assignee.   On July 10, 1876, Woodbury, as
assignee, conveyed the premises to Ellen D. Coolidge, wife of
Frederick S. Coolidge, by deed duly executed and recorded.   No
notice of any of the conveyances or other proceedings in bank-
ruptcy was given to the plaintiff, or indorsed upon the policy.
In respect to the mortgage to Kendall, there was no evidence
whether the plaintiff knew of its existence, or whether its exist-
ence was known or communicated to the defendant.

The defendant contended that the policy was void by reason of
these conveyances and proceedings in bankruptcy above men-
tioned, and that it was incompetent for the plaintiff to prove by
parol evidence that the defendant intended by this policy to in-
sure the plaintiff's interest as mortgagee, and that the evidence
introduced, even if competent, did not prove such intent on the
part of the defendant, but the contrary.

The judge found that the defendant intended by this policy to
insure the plaintiff's interest as mortgagee, ruled that the plain-
tiff was entitled to recover the full amount of the policy, and
gave judgment for the plaintiff.   The defendant alleged excep-
tions.

C. Allen, for the defendant, was stopped by the court.

G. A. Torrey, for the plaintiff.

GRAY, C. J.   The policy in suit is on the interest of Coolidge
only, and the plaintiff is merely the payee of the policy, and not
(as in the case of Foster v. Equitable Ins. Co. 2 Gray, 216, or

which the plaintiff relies,) the assignee thereof in such form as to constitute a new contract between the assignee and the insurer by which the assignee becomes the assured. Coolidge being the only party insured, and his interest being subject to a mortgage to Kendall, which was not stated in the policy, the policy, by virtue of the provision upon its face, is void, and neither Coolidge nor the plaintiff can maintain an action thereon. *Franklin Savings Institution* v. *Central Ins. Co.* 119 Mass. 240. *Smith* v. *Union Ins. Co.* 120 Mass. 90.

The parol evidence introduced was incompetent in law to vary the contract between the parties, and did not in fact tend to show any fraud, or that the defendant's agent knew of the mortgage to Kendall, or undertook to insure any interest but that of Coolidge. *Exceptions sustained.*