BALDWIN *v.* PHŒNIX INSURANCE CO.

The conveyance of property to the daughter of the insured, and by her to her mother, the wife of the insured, is a change in the title of the property, and will avoid a fire policy which declares that any change in the title will render it void.

A policy of insurance issued to a mortgagor of real estate, made payable to the mortgagee in case of loss, is an insurance of the interest of the mortgagor in the estate, and not of the interest of the mortgagee; and in such case the mortgagee is not an assignee of the policy, and is affected by subsequent acts of the assured.

Assumpsit, on a policy of insurance for $3,000, issued to the plaintiff on his house, " payable in case of loss to S. S. Thompson as his mortgage claim may appear." Facts agreed. After the policy was issued, and before the loss occurred, the plaintiff and his wife conveyed the farm on which the house stood to their daughter, subject to a mortgage of $1,000 to S. S. Thompson. No consideration was then stated in the deed, but before it was recorded a consideration was inserted, without the knowledge of the plaintiff at the time, but of which he afterwards had knowledge, and made no objection. Subsequently the daughter conveyed the premises, subject to the mortgage, to the wife of the plaintiff. The buildings were destroyed by fire, and proof of loss duly furnished. The plaintiff claims that the deed to the daughter was without consideration and conveyed no title, and that, being in embarrassed circumstances, he made the deed to convey the title to his wife, by her solicitations, and to secure a home to his family. The policy contains this stipulation : " If the property be sold, or transferred, or any change take place in title or possession, whether by legal process, judicial decree, voluntary transfer or conveyance,　*　*　* then, and in every such case, this policy shall be void."

*W. & H. Heywood*, for the plaintiff.

The conveyance to the daughter was without consideration. There was no change of occupation, and no fraud was committed upon the company ; and the defendants attempt to take advantage of a technical breach of a provision of the policy, after having taken the plaintiff's money to secure insurance on the property. There was no legal conveyance of the title, originally in the plaintiff, that will relieve the defendant company from payment of the full amount of the insurance. By Gen. Laws, *c.* 172, *s.* 12, this action in the name of the plaintiff may be prosecuted for the benefit of Thompson, the mortgagee named in the policy, to recover to the extent of his mortgage interest, and he cannot be affected by the act of the plaintiff in conveying the land to his wife without his knowledge or assent. *Boynton* v. *Insurance Co.*, 16 Barb. 254.

*S. C. Eastman*, for the defendants.

1. The transfer of title was an alienation. *Langdon* v. *Minnesota Ins. Co.*, 22 Minn. 193. If the deed would be void as to creditors, it is good against the grantor. He cannot allege his fraud in order to invalidate his own acts. 4 Cruise Dig. 424; *Doe* v. *Roberts*, 2 B. & Ald. *368, *369; *Crafts* v. *Insurance Co.*, 36 N. H. 44.

2. The property insured having been alienated before the fire, the insured has sustained no loss. Having no loss, he has no claim for indemnity. Moreover, by the terms of the policy, there having been a conveyance, the policy is void. *Cummings* v. *Insur-*

*ance Co.,* 55 N. H. 457; *Company* v. *Worcester Ins. Co.,* 11 Met.
429; *Young* v. *Eagle Ins. Co.,* 14 Gray 150; *Lawrence* v. *Holyoke
Ins. Co.,* 11 Allen 387.

3. The contract was with Baldwin. He was the insured. The
agreement with Thompson was merely that the loss, if any, should
be payable to him. If there was no loss due Baldwin, there would
be nothing to be paid to Thompson. *Carpenter* v. *Ins. Co.,* 16 Pet.
495, 501; *Foote* v. *Hartford Ins. Co.,* 119 Mass. 259; *Bank* v.
*Amazon Ins. Co.,* 125 Mass. 431; *Chamberlain* v. *Ins. Co.,* 55
N. H. 249.

CLARK, J. The deed from the plaintiff to his daughter, exe-
cuted after the issuing of the policy and before the loss, conveyed
the premises and was an alienation of the title. The fact that no
consideration was expressed in the deed when it was executed is
immaterial. A consideration was subsequently inserted with the
knowledge of the plaintiff, without dissent or objection on his part,
and he cannot avoid the deed on the ground of want of considera-
tion. *Farrington* v. *Barr,* 36 N. H. 86. Neither is it material
whether the conveyance was fraudulent and void as to creditors.
*Crafts* v. *Insurance Co.,* 36 N. H. 44, 53. Being valid between the
parties, the conveyance without the knowledge or assent of the
company was a change in the title of the property insured, such as
by the terms of the policy rendered the contract of insurance void.
*Langdon* v. *Minnesota Ins. Co.,* 22 Minn. 193.

The indorsement upon the policy, "payable to S. S. Thompson
as his mortgage claim may appear," was not an assignment of the
policy, nor an insurance of Thompson's interest as mortgagee, but
merely a promise of the defendants to pay him such sum as should
become payable to Baldwin thereon. It did not make Thompson
an assignee of the policy, but merely the payee in case of loss, and
the alienation of the property by Baldwin avoided the policy.
*Loring* v. *Manufacturers' Ins. Co.,* 8 Gray 28; *Smith* v. *Union Ins.
Co.,* 120 Mass. 90; *Bates* v. *Equitable Ins. Co.;* 10 Wall. 33; *Sav-
ings Institution* v. *Central Ins. Co.,* 119 Mass. 240; *Brunswick
Savings Inst.* v. *Com. Union Ins. Co.,* 68 Me. 313; *Bank* v. *Amazon
Ins. Co.,* 125 Mass. 431; *Grosvenor* v. *Atlantic Ins. Co.,* 17 N. Y.
391. There was no contract between Thompson and the com-
pany (*Blanchard* v. *Atlantic M. F. Ins. Co.,* 33 N. H. 14, *Nevins*
v. *Rock. M. F. Ins. Co.,* 25 N. H. 22, 28), and if the policy had
remained in force, and if Thompson could have maintained an
action upon it in his own name (*Folsom* v. *Ins. Co.,* 59 N. H. 54),
his right to maintain such an action would have depended upon
something done by him making him a party to the contract after
the indorsement was made.

*Judgment for the defendants.*

STANLEY, J., did not sit: the others concurred.