## SIAS *v.* ROGER WILLIAMS INS. CO.

*(Circuit Court, D. New Hampshire.  June 29, 1880.)*

1. CONTRACTS—CONSTRUCTION.

Where the meaning of the terms of a written contract is clear, evidence of extrinsic circumstances is inadmissible for the purpose of varying such meaning.

3. SAME—FIRE INSURANCE—MORTGAGOR AND MORTGAGEE.

The policy in suit, by which the dwelling-house and furniture of C. was insured, was payable, in case of loss, to S.  One of the conditions in the policy was that if the assured should subsequently make any other insurance on the property, without the assurer's consent, the policy should be void.  There was evidence that S., the plaintiff, held a mortgage on the house, and that he procured the insurance and paid the premium.  C. procured insurance on his interest as mortgagor after the date of this policy.  *Held*, the meaning of the contract clearly is that C. is the assured; and, this being so, evidence of extrinsic circumstances is inadmissible to change it.

By the policy in suit, Abraham Cole was insured $1,500 on his two-story dwelling-house, ell, and barn connected, occupied in the summer season for a summer boarding-house, and in the winter by the assured as a dwelling-house, situated near Gorham, New Hampshire, and $500 on household furniture in the house and ell, payable in case of loss to George B. Sias, "as his interest may appear."  It was stipulated that "if the assured shall have, or shall hereafter make, any other insurance upon the property insured, or any part thereof, without the consent of the company in writing," the policy should be void.  There was evidence that Sias, the plaintiff, held a mortgage on the house; that he had procured the insurance through a sub-agent of the company and paid the premium.  The principal agent, who issued the policy at the request of the sub-agent, did not know who procured the policy or who paid the premium.  Cole testified that he procured insurance on his interest as mortgagor after the date of the policy.  The learned judge ruled, for the purposes of the trial, that the insurance was on the interest of the plaintiff as mortgagee, and would not be affected by the insurance afterwards made by Cole; and a verdict was taken for the plaintiff, subject to the opinion of the court upon this question.  The defendants moved for a new trial before Judge Lowell.

*S. C. Eastman*, of Concord, for defendant.

*W. J. Copeland*, of Great Falls, for plaintiff.

LOWELL, C. J.  This case has been thoroughly argued, and all the authorities which I shall refer to have been cited by counsel.

The first point taken by the plaintiff is that the construction of the

policy is to be governed by the laws of New Hampshire, which is true in a certain sense; and it may be that the statutes of New Hampshire will give some assistance to the plaintiff in case of a new trial. But the decisions of the courts of New Hampshire, excepting upon points arising under a statute, are not binding authorities in the courts of the United States in ascertaining the meaning and effect of a contract of insurance *Carpenter* v. *Providence Ins. Co.* 16 Pet. 501. I do not understand that this point is of any special importance in this case. In so far as the right to maintain action at common law is concerned, the law of New Hampshire will govern, and that law, as I understand it, permits an action by the mortgagee when he has paid the premium. *Chamberlain* v. *N. H. Ins. Co.* 55 N. H. 249. The law of this country has been settled, with little or no difference of opinion, so far as I know, that when the interest of an owner of an equity of redemption is insured, and the loss is made payable to the mortgagee by the terms of the policy or by an assignment of the policy, an equitable right is maintained, which is subject to be defeated by his acts in contravention of its conditions. It is enough to cite decisions which must control my own. *Bates* v. *Equitable Ins. Co.* 3 Cliff. 215; 10 Wall. 33; *Johnson* v. *North British Co.* 1 Holmes, 110, 111, per *Shepley,* J.

The phrase, "as his interest may appear," does not affect this question. It means that the company will pay the mortgagee to the extent of his lien or charge upon the premises. *Franklin Sav. Inst.* v. *Cent. Mut. Co.* 119 Mass. 240; *Foote* v. *Hartford Fire Ins. Co.* Id. 259.

The fact that the mortgagee procured the policy and paid the premium without consulting the mortgagor, appears upon Judge Shepley's minutes. Whether the mortgagor gave authority for such action, or whether there was a subsequent ratification by the mortgagor, does not appear, and may be of importance hereafter in ascertaining the validity of the policy; but the construction of the contract clearly is that the mortgagor is the assured. Thus it is said that the house is occupied by the assured, meaning the mortgagor. This being so, a court cannot hold that the effect or construction of the policy is varied by the extrinsic circumstance that it was procured by the mortgagee. Not only is it inadmissible to change the contract by parol; but there is no reason to suppose that the parties intended to make any other contract than that which they entered into, or that the company would have agreed to assure the mortgagee. *Graves* v. *Boston Ins. Co.* 2 Cranch, 419; *Woodbury Sav. Bank* v. *Charter Oak Ins. Co.* 29 Conn. 374; *Livingstone* v. *Western Ins. Co.* 16 Grant, Ch. 9.

The only cases cited which assist in the least degree the plaintiff's contention in this respect are *Chamberlain* v. *N. H. Ins. Co.* 55 N. H. 249, and *Foster* v. *Equitable Mut. Ins. Co.* 2 Gray, 216.

In the former of these cases, the court, expressing a somewhat strong dissent from a class of decisions concerning mutual companies in which it had been held that an action could not be maintained in the name of the mortgagee unless he had given a new note, decided that as against a stock company such an action might be maintained when the mortgagee had paid the premium. The decision upon the merits holds the mortgagee bound by the acts of the mortgagor, though relievable to some extent by statute.

In the second case,—the action by a mortgagee against a mutual insurance company who had assented to an assignment of a policy as security to a mortgage, and had taken from him a written agreement to pay all assessments which might be made upon the policy,—the court held that a new contract had, in effect, been made with the mortgagee, and that he would no longer be bound by the acts of the mortgagor, done without his knowlege and consent. This decision reached a very just result, by reasoning which is not fully developed; but probably something in the nature of an estoppel was thought to have arisen. That case has been often cited in Massachusetts, but has as often been held not to govern a case like the present. For instance, where the mortgagee who had originally been insured agreed to a change of the policy into the form now in question, upon the verbal assurance of the agent of the company that it would be equally safe in all respects, the general rule was followed. *Fitchburg Sav. Bank* v. *Amazon Ins. Co.* 125 Mass. 431.

The general rule is fully established, and governs courts of equity, unless there has been fraud or mistake in framing the contract. It is often harsh in its operation, and is now modified by many of the best companies. In the absence of any such modification in this policy, I must hold, as I am sure Judge Shepley would have held, that there must be a new trial.