DANIEL SMITH *vs.* UNION INSURANCE COMPANY, ROCHESTER GERMAN INSURANCE COMPANY, UNITED STATES INSURANCE COMPANY.

PROVIDENCE—JUNE 15, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Insurance.   Insurable Interest.   Interest of Mortgagee.   Contracts.*

A policy of insurance contained the following provision: "Loss or damage, if any, under this policy shall be payable to X., as the mortgagee, as interest may appear; and this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the property for purposes more hazardous than are permitted by this policy:"—

*Held*, that the clause contained two separate contracts of indemnity relating to the same subject but applying to different interests therein, independent from the beginning:

1. A contract with the owner, subject to certain conditions appropriate to the relation of owner to insurer; any loss occurring while it was in force to be paid, by direction of the mortgage clause, to the mortgagee to the amount of his mortgage.

2. A contract with the mortgagee, becoming effectual when the owner parted with or lost his interest, or failed to pay premiums; or violated the conditions of the policy; between the insurer and mortgagee only, and concerning which the relation of the original insured to the property, or his acts or neglect, were of no account. When the first failed; or if it never attached, the second began and proceeded subject to its own conditions and limitations.

*Held*, further, that, under this clause, the company was precluded from setting up the defence that the person named as owner in the policy had conveyed his title before the policy was issued, as against the interest of the mortgagee.

(2)  *Insurance.  Pleading.  Contracts.*

*Held,* further, that, although the premium was paid by the owner, it was on account of the mortgagee and in fulfillment of the duty of the owner to do so; and the promise thereon was directly made by the insurer to the mortgagee and was sufficient to sustain an action in the name of the mortgagee.

ASSUMPSIT on policies of insurance.  Heard on demurrers to declaration, and substantial demurrers overruled.

DOUGLAS, J.  These cases are brought by the mortgagee of certain real estate, the buildings upon which have been destroyed by fire, to recover the amounts specified in three policies of insurance in the standard form, each containing the following clause:

"Loss or damage, if any, under this policy, shall be payable to Daniel Smith, as the mortgagee (or trustee), as interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the property for purposes more hazardous than are permitted by this policy: *Provided,* that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"*Provided, also,* that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of use thereof; otherwise this policy shall be null and void.

"This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee

(or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right, on like notice, to cancel this agreement.

[1]("In case of any other insurance upon the within-described property, this company shall not be liable under this policy for a greater portion of any loss or damage sustained, than the sum hereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurance interest therein, whether as owner, mortgagee, or otherwise.)

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of this mortgagee (or trustee) to recover the full amount of his claim."

The plaintiff held two mortgages on the property insured to secure notes made by a former owner of this property from whom it had come to Thomas Cullam, named as the insured in the policies. Before the taking out of the policies Cullam had conveyed the estate to his sister Melinda Paradie, as the declaration alleges, "without consideration," and she took out these policies in his name.

To the declaration in each case the defendants have demurred, alleging as grounds of demurrer:

1. It appears that, at the time of the issuing the policy in said declaration mentioned to one Thomas Cullam, said Thomas

---

[1] This paragraph occurs only n the policy issued by the Rochester German Insurance Company; not in the other two.

Cullam had no insurable interest in the property claimed to have been insured by said policy.

2.   It appears that said policy, it not being otherwise provided by agreement indorsed thereon or added thereto, was void:

(*a*)   Because the interest of the insured was other than unconditional and sole ownership.

(*b*)   Because the subject of insurance was a building or group of buildings on ground not owned by the insured in fee simple.

3.   There appears no consideration for the promise alleged to have been made by the defendant to the plaintiff.

4.   It does not appear what was the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering the property described in the policy of insurance in said declaration mentioned.

The first three of these demurrers are substantial; the fourth does not affect the merits of the case, but may be obviated by amendment if necessary.

The first question raised is whether the interest of Thomas Cullam alone was insured; for if so, and he had no interest, nothing was insured; or, if he had no insurable interest, it was not in the interest which it was represented to be, and so was not insured, and the policy was void from the beginning.

The defendant contends that this is the effect of the policy in question; and the plaintiff, as mere assignee of the loss accruing to the insured, can recover nothing, as an insured person who has no interest can lose nothing. His reasoning is perfectly sound if his interpretation of the contract is correct. To this effect is the quotation from Judge Story in *Carpenter* v. *Providence-Washington Insurance Company*, 16 Pet. 495, as follows: "It is clear both upon principle and authority that an assignment of a policy by the insured only covers such interest in the premises as he may have at the time of the insurance and at the time of the loss. It is the property of the insured, and his alone, that is designed to be covered; and when he parts with his title to the property he can sustain no future loss or damage by fire, but the loss, if any, must be that of his grantee. The rights of the assignee

cannot be more extensive under the policy than the rights of the assignor; and as to the grantee of the property he can take nothing by the grant of the policy, since it is not in any just or legal sense attached to the property or an incident thereto."

And to the same effect are the words of Judge Harris, in *Grosvenor* v. *Atlantic Fire Insurance Co.*, 17 N. Y. 391. He says: "The contract was made with McCarthy, the mortgagor; but the policy provides that in case of loss such loss shall be payable to the plaintiff. What is the legal effect of this provision? Without it the plaintiff could have no claim against the defendant for indemnity. Is this provision to be regarded as an appointment of the plaintiff to receive any money which might become due from the insurers by reason of any loss sustained by the mortgagor, or has it the effect to render the policy, which would otherwise be a contract, to indemnify the mortgagor against loss, a contract to indemnify the mortgagee? . . . It seems to me to be very clear that it was the intention of all the parties that the interest of the mortgagor, and not that of the mortgagee, should be insured. It is stated in the policy that the property insured is the property of McCarthy, and that he is the person insured. McCarthy paid the premium. He made the contract. His interest as owner, and not that of the plaintiff as mortgagee, was the subject of the insurance. The plaintiff was merely the appointee of the party insured to receive the money which might become due him from the insurers upon the contract. The provision in the policy in this respect had no more effect upon the contract itself than it would if it had been provided that the loss for which the insurers should become liable should be deposited in a specified bank to the credit of the party insured."

Under such a contract the right of the mortgagee to recover is dependent upon the inception and continuance of a valid contract of insurance between the insured and the insurer. *Sun Insurance Co.* v. *Greenville B. & L. Assn.*, 58 N. J. L. 367; *Bank* v. *Amazon Ins. Co.*, 125 Mass. 431; *Foote* v. *Hartford Ins. Co.*, 119 Mass. 259; *Smith* v. *Union Ins. Co.*, 120 Mass. 90; *Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 N. Y. 391; *Car-*

*penter* v. *Providence-Washington Ins. Co.*, 16 Pet. 495; *Continental Ins. Co.* v. *Hulman*, 92 Ill. 145; *Franklin Inst. for Sav.* v. *Cent. Mut. Fire Ins. Co.*, 119 Mass. 240.

(1)     Taking these propositions as incontestable, the defendant argues that the new form of mortgage clause contained in this policy is nothing more than an amplification of the old form of the clause, whose effect was simply to change the payee of the loss, not to insure a different interest.  He notices that the new clause saves the insurance as to the mortgagee from certain causes of forfeiture which would otherwise bar the right of the insured, but he insists, notwithstanding, that the original contract is not initiated unless the party named as insured has an insurable interest to which it may attach.

We cannot read the clause in question without finding in it a much wider departure from the tenor of the old form of contract.  It appears to us to contain two separate contracts of indemnity, relating to the same subject but applying to different interests therein.  Before the adoption of this form a mortgagee might insure the property pledged to secure his debt on his own account.  If the debt was paid he no longer had an insurable interest, and the insurance became void.  If the property was destroyed by any risk insured against, the mortgagee received his insurance money if not more than his debt and gave no credit to the mortgagor therefor, but held his debt *pro tanto* for the insurer, or if it were fully paid assigned it to him.

Now all the elements of such a contract appear in this new form.  Taken together with the rest of the policy, the company insure first Thomas Cullam for any loss which may come to him by reason of the destruction of the property described. This contract is subject to certain conditions appropriate to the relation of owner to the insurer.  So long as this relation exists and these conditions are performed, the contract with Cullam is in force.  If loss occurs while it is in force it is paid, by direction of the mortgage clause, to Smith to the amount of his mortgage, and the balance, if any, to Cullam;  the amount paid to Smith extinguishes his mortgage debt fully or *pro tanto*.  All this would have taken place under the old form of clause, and when the conditions are as supposed the new parts

of the clause have no application. When Cullam parts with or loses his interest, fails to pay premiums or violates the conditions of the policy, the new provisions become effectual. These deal with the interest of the mortgagee. "This insurance *as to the interest of the mortgagee only therein* shall not be invalidated by any act or neglect of the mortgagor or owner," etc., is the language which meets the new condition of affairs; and the closing paragraph conclusively shows that the subsisting agreement which springs into life when the contract with the owner dies is the familiar one of insurance of a mortgagee's interest—an indemnity for loss of the security—in which the owner has no part and from which he can claim no benefit. The contract thenceforth is between the insurer and the mortgagee only, and the relation of the original insured to the property, and his acts or neglect concerning it, are of no account. And the two contracts combined in the policy and the mortgage clause are separable and independent from the beginning. When the first fails, or if it never attaches, the second begins and proceeds subject to its own conditions and limitations.

This construction has been adopted by all the courts whose decisions on the subject have been brought to our attention. In *Hastings* v. *Westchester Ins. Co.*, 73 N. Y. 141, Miller, J., says: "The legal effect of the mortgage clause was that the defendant agreed that in case of loss it would pay the money directly to the mortgagees; and they were thus recognized as a distinct party in interest. It created a new contract from that time with the mortgagees, the terms of which most clearly indicate that it had no relation to the application of the condition referred to. The insurance had been to the owner, and the additional provisions which were incorporated in the policy by the mortgage clause, created a distinct contract with the mortgagees. It was an independent agreement partaking in no sense of the character of an assignment of a policy of insurance, but one in which the mortgagees were recognized as a separate party, having distinct rights, and entitled to receive the full amount of insurance money, without any regard whatever to the owner of the property."

Judge Rapallo, concurring, says, p. 153: "I think that the intent of this clause was that in case by reason of any act of the mortgagors or owners, the company should have a defence against any claim on their part for a loss, the policy should, nevertheless, protect the interest of the mortgagees and operate as an independent insurance of that interest, and indemnify them against loss resulting from fire without regard to the rights of the mortgagor under the policy; and that to effectuate that intention we should hold that, as against the mortgagees the defendant cannot set up any defence based upon any act or neglect of the mortgagors, whether committed before or after the issuing of the policy, or the making of the agreement between the company and the mortgagees."

In *Hartford Fire Ins. Co.* v. *Olcott,* 97 Ill. 439, the court quote with approval the language of Judge Miller in *Hastings* v. *Westchester, etc.,* and add: "If this be the effect of adding a mortgage clause like that before us after a policy is issued, we are unable to perceive any ground upon which it can be said to have a different effect if made contemporaneously with and as a part of the policy." And on page 456: "In effect there are two distinct contracts of insurance—one by the mortgagor—the other by the mortgagee—and this view gives full force to all the language and none other will."

In *Eddy* v. *L. A. Corporation,* 143 N. Y. 311, Peckham, J., says, page 322: "The effect of the mortgage clause hereinbefore set forth is to make an entirely separate insurance of the mortgagee's interest, and he takes the same benefit from his insurance as if he had received a separate policy from the company free from the conditions imposed upon the owners." The words of the mortgage clause considered in this case were slightly different from those considered in *Hastings* v. *Westchester,* and neither of these clauses was exactly like the one we are concerned with; but all of them are alike in the material characteristics which affect the question before us.

The decisions of the New York court, which excused the mortgagee in case of loss from scaling his policy *pro rata* with other insurance held by the owner on the same property, no

doubt occasioned the insertion of the paragraph on that subject contained in the form used by one of the defendants as above quoted.

In *Hanover Fire Ins. Co.* v. *Bohn*, 48 Neb. 743, the person named as owner in the policy had conveyed his title before the policy was issued, exactly as in the case at bar; but it was held that the contract with mortgagee was valid under the principles of the cases cited.

These considerations dispose of the first and second demurrers.

The third must likewise be overruled.

(2)   In Massachusetts, where it is held strictly "that no one can sue or be sued on a simple contract who is not a party to it, disclosed or undisclosed, yet it is not in all cases necessary that the consideration should move from the promisee to the promisor in the ordinary sense of those words." *Palmer Savings Bank* v. *Ins. Co.*, 166 Mass. 189, 195, 196, where it was held that upon this form of policy the mortgagee might sue in his own name. Here the premium was paid by the owner or on his behalf, but the insurance company received it as consideration for its double undertaking to the owner and to the mortgagee. The decisions of our own court are ample to support an action on this contract in the name of the mortgagee. *Brown* v. *Roger Williams Ins. Co.*, 5 R. I. 395; *Urquhart* v. *Brayton*, 12 R. I. 169; *Wood* v. *Moriarty*, 15 R. I. 518; *Adams* v. *Union R. R. Co.*, 21 R. I. 134; *Kehoe* v. *Patton*, 23 R. I. 360.

If the original contract is with the owner, and it is assigned to the mortgagee with the consent of the company, the process may be considered as a novation; but it is not necessary to rely upon any supposed change of relation where the original undertaking is solely for the benefit of the mortgagee and the promise is made directly to him.

In this case the owner pays the premium on account of the mortgagee and in fulfillment of his duty to do so, and the promise thereon is directly made by the company to the mortgagee himself.

Substantial demurrers overruled, and cases remanded to the Common Pleas Division for further proceedings.