## BRECHT v. LAW, UNION & CROWN INS. CO.

(Circuit Court of Appeals, Ninth Circuit.    March 2, 1908.)

### No. 1,488.

1. INSURANCE—LOSS PAYABLE CLAUSE—EFFECT.

Under a clause attached to a policy and providing that any loss shall be payable to a third person, such person is only entitled to recover as insured's appointee, and, when the policy has become void as to the person effecting the insurance, it cannot be enforced by his appointee.

2. SAME—POLICY CONSTRUED—INTEREST OF THIRD PARTIES.

Fire policies provided that they should become void if insured's interest should be other than unconditional and sole ownership, unless otherwise provided by agreement indorsed thereon, etc. Slips were attached providing that any loss should be paid to plaintiff, to whom insured, after the policy issued, transferred the property in trust to dispose of it, and to apply the proceeds to certain expenses of conducting the business and to insured's indebtedness, plaintiff being a creditor, and to pay any residue to insured. *Held*, that the provision of the policies that when, with insurer's consent, an interest under the policy should exist in favor of a mortgagee, or of any one having an interest in the insured property other than the insured's interest, the conditions "hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto," did not change the legal effect of the slips making the loss payable to plaintiff, which was to constitute him insured's appointee to receive payment of whatever sums might be due; that such provision was only intended to apply in cases where insurer by some special agreement with the mortgagee or third person acquiring an interest under the policy has consented to a modification or waiver of the conditions in the policy; and that, as there was no such special agreement in the case at bar, plaintiff could not recover on the policies, the policies being admittedly void as to insured.

In Error to the Circuit Court of the United States for the District of Oregon.

For opinion below, see 153 Fed. 452.

W. T. Muir, for plaintiff in error.

Zera Snow and Wallace McCamant, for defendant in error.

Before ROSS and MORROW, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge.    This action was brought to recover the sum of $7,500 and interest claimed to be due under two policies of insurance against loss by fire issued by the defendant, the Law, Union & Crown Insurance Company, to the St. Johns Lumber Company, upon certain property described in said policies.    One policy is for $5,000, dated October 5, 1904, and the other for $2,500, dated May 19, 1905, and both contain the following provisions:

"This entire policy, unless otherwise provided, by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be

other than unconditional and sole ownership; * * * or if any change other than by the death of an insured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise. * * * If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto."

There was also attached to each policy a slip in the following words: "Loss, if any hereunder, is hereby made payable to Daniel Brecht"—the plaintiff in the action, and there was not written upon, attached, or appended to said policies any other condition or provision relating to the interest of the plaintiff in the policy or in the property thereby insured, or expressing in what manner or to what extent the conditions contained in the body of the policies should apply to the interest of Daniel Brecht therein. The action was tried by the court without a jury. The court, in addition to the foregoing facts, found that the property described in the policies was destroyed by fire, as alleged in the complaint; that, after the issuance of said policies, the St. Johns Lumber Company, by a contract entered into by and between that company and the plaintiff, granted, bargained, and sold unto the plaintiff all the property covered by the policies of insurance, in trust, however, "to be disposed of by plaintiff, and the proceeds to be applied to certain expenses of conducting the business, and to the indebtedness of the St. Johns Lumber Company, and the balance if any remain, to be paid over to the lumber company, which said contract operated to convey title absolute, and not as a mortgage"; that immediately thereafter the plaintiff entered into the joint possession of such property with the St. Johns Lumber Company, and continued in such possession to the time of the fire, and that such transfer and change of possession were had without the knowledge or consent of the defendant.

The court also found that:

"No agreement was indorsed upon the policies, or attached or added thereto, in any manner waiving or modifying any of the terms or conditions of the policies, above set out, in relation to a change of ownership, or possession, of the property insured and that the plaintiff had an insurable interest in the property covered by the policies, as chattel mortgagee, in an amount exceeding the sum for which the property was insured and that this was known to the defendant when the policies were issued."

Upon these facts the court held that the execution of the contract of sale mentioned in the findings and above referred to rendered the policies sued on void, and judgment was thereupon rendered that the plaintiff take nothing by his action and in favor of the defendant for its costs and disbursements. The case is brought here by the plaintiff upon a writ of error.

1. It is not disputed that the policies sued on became void, as to the St. Johns Lumber Company, by reason of the change of title to, and possession of, the insured property referred to in the findings of the Circuit Court, but the plaintiff in error contends that the court erred in holding, upon the facts found by it, that the conditions of the

policy against alienation and change of possession were binding upon him, as such conditions were not indorsed upon the policies, or attached to the slip making the loss, if any, payable to him. The question thus presented requires for its decision the construction of the following provision, in the policies sued on, read in connection with the loss payable clause:

"If, with the consent of this company (the defendant insurance company), an interest under the policy shall exist in favor of a mortgagee, or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained (those against alienation and change of possession) shall apply in manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto."

The contention of the plaintiff in error, broadly stated, is that, by the terms of this provision, the conditions contained in the policy against alienation and change of possession do not affect his right to recover, because there was not written upon or attached to the policies any statement or writing showing the manner or extent to which such conditions should apply to the interest which he had in the policies as the person to whom the loss thereunder is made payable. This contention is sustained by a number of decided cases, among which are the following: Oakland Home Insurance Co. v. Bank of Commerce, 47 Neb. 717, 66 N. W. 646, 36 L. R. A. 673, 58 Am. St. Rep. 663; Queen's Insurance Co. v. Dearborn Savings Ass'n, 175 Ill. 115, 51 N. E. 717; Christensen v. Fidelity Ins. Co., 117 Iowa, 77, 90 N. W. 495, 94 Am. St. Rep. 286; Boyd v. Thuringia Insurance Co., 25 Wash. 453, 65 Pac. 785, 55 L. R. A. 165; Edge v. St. Paul Fire & Marine Ins. Co. (S. D.) 105 N. W. 281; Welch v. British Assurance Company, 148 Cal. 223, 82 Pac. 964, 113 Am. St. Rep. 223. These cases all hold that a stipulation in a policy like that above quoted is to be construed as an agreement upon the part of the insurance company issuing it that the conditions of the policy to which the stipulation refers shall not apply to the interest vested in a mortgagee by a memorandum clause, making the loss, if any, payable to him as his interest may appear, unless the manner in which such conditions are to be applied are expressly stated in some writing indorsed upon or attached to the policy. The contrary was however held by the Circuit Court of Appeals for the Eighth Circuit in Delaware Ins. Co. v. Greer, 120 Fed. 916, 57 C. C. A. 188, 61 L. R. A. 137, and by Judge Wolverton in Vancouver National Bank v. Law, Union & Crown Ins. Co. (C. C.) 153 Fed. 440. We think the cases last cited announce the better rule in relation to the construction of insurance policies having provisions like those sued on in this action. The contract of insurance here was between the St. Johns Lumber Company, as owner of the property insured, and the defendant insurance company, and the legal effect of the slips attached to the policies, making the loss thereunder payable to the plaintiff in error, was to constitute him the appointee of the St. Johns Lumber Company, to receive payment of whatever sums might become due, under the policies, on account of losses sustained by that company by reason of the destruction of its property by fire. It may be conceded, as

claimed by the plaintiff in error, that the slips were attached for his benefit as mortgagee of the insured property, still it is well settled that, under such form of memorandum clause, the person named as payee therein is only entitled to recover as the appointee of the insured, and, when the policy has become void as to the person effecting the insurance, it cannot be enforced by his appointee. This was so held in Brunswick Savings Institution v. Commercial Union Ins. Co., 68 Me. 313, 28 Am. Rep. 56; the court saying:

"This clause in the policy 'payable, in case of loss, to the Brunswick Savings Institution to the amount of the mortgage held by them'.is not an insurance of the plaintiffs' interest in the property, nor an assignment of the policy to the plaintiffs. It is merely a contingent order or stipulation, assented to by the defendant, for the payment of the loss of the assured, if any to the plaintiffs. It gives the plaintiffs the same right to recover that the assured would have if no such clause had been inserted in the policy. Any violation of the conditions and stipulations of the policy which would defeat the right of the assured to recover upon it will defeat the right of the plaintiffs."

The rule thus stated is fully sustained by the following cases: Fogg v. Middlesex Mutual Fire Ins. Co., 10 Cush. (Mass.) 337; Martin v. Franklin Fire Ins. Co., 38 N. J. Law, 140, 20 Am. Rep. 372; Keith v. Royal Insurance Co., 117 Wis. 531, 94 N. W. 295; Wunderlich v. Palatine Ins. Co., 104 Wis. 395, 80 N. W. 471; Grosvenor v. Atlantic Fire Ins. Co., 17 N. Y. 391; Loring v. Manufacturers' Ins. Co., 8 Gray (Mass.) 28; Bates v. Equitable Ins. Co., 10 Wall. 33, 19 L. Ed. 882; Bidwell v. Northwestern Ins. Co., 19 N. Y. 180.

The plaintiff in error does not deny that such would be the legal effect of the stipulation making the loss, if any, under the policies, payable to him, if it stood alone; but he insists that by reason of the provision in the policies, which declares that when, with the consent of the insurance company, an interest under the policy exists in favor of a mortgagee, the condition of the policy "shall apply in the manner as expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto," his rights are unaffected by such conditions, because they were not expressly made applicable to his interest as payee by a written indorsement upon the slip containing the loss payable clause, or by some writing attached to the policies. It must be admitted that the provision referred to is somewhat awkward in construction, but it cannot be given the effect claimed for it by the plaintiff in error without disregarding the well-settled legal meaning of the loss payable clause, and it was not the purpose of this provision to modify or control the terms of the contract by which the plaintiff in error was named as the person to receive payment for what might become due under the policy. The special contract by which such right to receive payment was acquired is controlling; that is to say, the true meaning of this provision is that, when the conditions named in the policy are modified by the contract under which a mortgagee or other person acquires an interest under the policy, then the conditions named in the policy shall only apply in the manner and to the extent provided in the special contract; or, if they are waived, that then they shall not apply at all. But when, as in this case, there is no special agreement modifying or waiving the conditions of the policy, and the insurance

company has simply consented to the appointment of a third person to receive payment for any loss which may be sustained by the person to whom the policy was issued, then all its conditions apply. When the policies sued on were issued, it was not unusual for insurance companies to insure the interest of mortgagees by attaching to their policies slips containing what is known as the "Union Mortgage Clause," whereby the insurance company agreed to pay to the mortgagee the amount to become due under the policy as his interest might appear, regardless of subsequent breaches of certain conditions of the policy by the mortgagor. The following cases arose under policies containing such a clause: Magoun v. Firemen's Fund Ins. Co., 86 Minn. 486, 91 N. W. 5, 91 Am. St. Rep. 370; National Bank v. Union Ins. Co., 88 Cal. 497, 26 Pac. 509, 22 Am. St. Rep. 324; Hastings v. Westchester Ins. Co., 73 N. Y. 144; Syndicate Ins. Co. v. Bohn, 65 Fed. 165, 12 C. C. A. 531, 27 L. R. A. 614. Now, if it had been the intention of the defendant to insure the plaintiff in error absolutely and without reference to any breach of the conditions of the policies by the St. Johns Lumber Company, such insurance could have been effected by the use of the "Union Mortgage Clause" in defining the rights of the plaintiff in error under the policies; but, instead of doing this, the parties adopted a form merely designating him as the person to whom the loss, if any, should be payable, a form which under well-settled rules subjects the appointee to the risk of all acts and omissions of the person to whom the policy was issued.

Our conclusion, then, is that the provision of the policy upon which the plaintiff in error relies does not add to, or in any manner change, the legal effect of the slip making the loss, if any, under the policy payable to him; that such provision was only intended to apply in cases where the insurance company by some special agreement with the mortgagee or third person, acquiring an interest under the policy, has consented to a modification or waiver of the conditions in the policy; and that, as there was no such special agreement in the case before us, the Circuit Court did not err in rendering its judgment for the defendant insurance company upon the findings.

Judgment affirmed.