ALBANY,
August, 1808.

Johnston
v.
Robins.

## Johnston *against* Robins.

**In every case of a service of a notice, except it be to bring a party into contempt, the leaving the notice at the dwelling house of the party is sufficient, and is considered as a personal service.**

JOHNSON, for the defendants, moved to set aside the default entered for not pleading, in this cause, and all subsequent proceedings, for irregularity. From the affidavits which were read, it appeared, that on the 17th *May* last, a copy of the declaration, with a notice of the rule to plead, was served on the defendant, by delivering the same to a young man at the house of the defendant, in his absence, who said he was a clerk of the defendant, and lived in the house, and that he expected the defendant home soon, and that he would deliver the papers to him as soon as he returned.

On the 1st day of *June*, the defendant's attorney gave notice of his being concerned, and of special bail, to the plaintiff's attorney; and on the same day, the plaintiff's attorney sent to the attorney of the defendant, a copy of the declaration, with a notice, that a rule to plead had been entered on the 17th day of *May*, which had been served, with a copy of the declaration, on the defendant; and that time to plead would be computed from that day, and that the copy was served on the attorney, at his request, and not under the rule.

On the 7th *June*, the plaintiff's attorney entered the default of the defendant for not pleading, on an affidavit of service of the declaration and rule to plead on the defendant, as above stated. On the 13th *June*, a plea was

filed, and a copy thereof served on the plaintiff's attorney, who sent it back to the defendant's attorney, who, on the 5th *July*, entered a default for want of a replication. The *venue* in the cause was laid in *King's* county, and the plaintiff's attorney offered to waive the default, if the defendant would consent to go to trial, at the *June* circuit in that county, which offer was refused, as the defendant's attorney conceived that he was not bound to plead until the 20th *June*, and that the service of the declaration and rule to plead on the defendant, was insufficient; and because *George Fair*, a material witness, was absent from the state, whose attendance could not be procured in time.

*Sedgwick*, contra, read an affidavit stating, among other things; that the plaintiff's attorney had never accepted any plea from the defendant or his attorney; and that the witness mentioned by the defendant, resided in *Hackensack*, in *New-Jersey*, and that his attendance might easily have been procured at the last circuit, in the county of *King's*.

*Per Curiam.* It was decided in the case of *Jackson*, ex dem. *Griffiths*, (4 *Term Rep.* 465.) that in every case of the service of a notice, leaving it at the dwelling-house of the party, was to be considered as a personal service, for every purpose, except to bring the party into contempt. We consider the declaration as having been personally served on the defendant, on the 17th *May*, and that the defendant was bound to plead in 20 days thereafter. The default was, therefore, regularly entered; and the affidavits do not disclose equitable grounds sufficient to induce the court to interfere and set aside the default upon terms. The offer of the plaintiff to waive the default, was reasonable; but the defendant chose to rest himself upon what he conceived to be the rule of practice as to the service of notices.

Rule refused.