NEW-YORK,
October, 1811.

ROSE
v.
STUYVESANT.

---

ROSE <em>against</em> STUYVESANT.

The discretion given to a justice, by the 3d section of the act, sess. 31. c. 204. to adjourn a cause, is not an arbitrary discretion; but ought to be soundly and judiciously exercised.

IN error, on *certiorari*, from a justice's court.

*Stuyvesant* sued *Rose*, before the justice. The first process was a *summons*, which was returned as personally served by reading. The plaintiff appeared on the return day, at the time and place appointed, and exhibited his demand. The return to the *certiorari* stated, that, previous to this, on the morning of the day on which the parties were to appear, *Rose* applied in writing, for an adjournment, on account of his child being dan-

NEW-YORK,
October, 1811.

ROSE
v.
STUYVESANT.

gerously sick. That the justice returned an answer, that he wished further satisfaction on the subject, and unless it was received, he would proceed at the hour, to try the cause. On the same day, and before the parties were called, *Rose's* father appeared in his behalf, to get the trial adjourned; but the plaintiff below would not consent. The parties were called. *Rose's* father answered for him. and prayed an adjournment, and was told by the justice, that the issue must first be joined. The plaintiff declared, and *Rose's* father being asked, whether he should plead, he declared his ignorance of the law, and want of instruction how to plead, and that he wanted an adjournment. He was sworn to testify to the occasion of *Rose's* absence, and said that *Rose's* child was dangerously sick; but an adjournment was refused. *Rose* lived two miles from the place of trial. It appeared that *Rose's* father had no authority in writing to appear, and he did not offer to make any defence.

A judgment was given for *Stuyvesant.*

*Per Curiam.* The only point is about the regularity of refusing the adjournment. Another point was made, that the justice refused to admit the father to defend; but the return does not justify this objection.

Under the second section of the act, the justice had a discretion, on the non-appearance of the defendant below, to put off the hearing of the cause, to such reasonable time, as he should appoint, not exceeding six days. (sess. 31. c. 204.)

This discretion is not an arbitrary one: it ought to be soundly and judiciously exercised. The situation of *Rose's* child was such as ought to have induced the justice to put off the trial. We are of opinion, therefore, that the judgment ought to be reversed.

*Judgment reversed.*