THE STATE, SAMUEL K. WILSON, PROSECUTOR, v. THE IN-
HABITANTS OF THE CITY OF TRENTON, DEFENDANTS.

1. Where the provisions of a city charter touching the condemnation of
   land for streets authorizes the common council to treat with the owner,
   and, upon a failure to agree, to proceed to condemn the land, the
   objection by the landowner that there has been no treaty or failure
   to agree comes too late after he has appeared in his own behalf before
   the board of assessors without questioning their jurisdiction in this
   respect.
2. A city charter provides that notice of the final assessment of damages
   and benefits shall be served upon such owners as reside in said city.
   *Held,* that leaving a copy of such notice at the residence of a land-
   owner in said city with a member of his family is a sufficient service.

On *certiorari.*

Argued at June Term, 1890, before Justices REED and
GARRISON.

For the prosecutor, *Garret D. W. Vroom* and *George M.
Robeson.*

For the defendants, *William M. Lanning* and *John Rellstab.*

The opinion of the court was delivered by

GARRISON, J. The reasons urged by the prosecutor for set-
ting aside the proceedings and assessment against him incident
to the opening of Tyler street, in the city of Trenton, may be
resolved into four:

*First.* Because common council did not treat with the own-
ers of the land required for opening said street for the purchase
of the same before applying to the board of city assessors to
make an estimate and assessment of the damages that the said
owners sustained by opening said street.

The prosecutor, by appearing in his own behalf before the
board of assessors without questioning their jurisdiction to
award to him the damages which he claimed, has waived this

objection. Moreover, the testimony taken in this case shows that common council did treat with the prosecutor through the duly accredited representative of a committee to whom the matter had been specifically referred by said council, and it also shows that the result of the treaty, so far as the prosecutor was concerned, was not only a failure to agree upon a purchase price but a distinct understanding that the whole question should be referred to the board of city assessors.

*Second.* Because the estimates and assessments were wrong as to amounts, and computed upon erroneous principles.

The report of the board distinctly affirms the correct rule in regard to benefits and damages, and there is nothing in the case to negative the presumption thus raised. The fact that certain witnesses, examined under the rule in these proceedings, differ in their estimates from that of the assessors upon the matter of values is without significance.

*Third.* Because the estimates and assessments and the notice thereof required by the charter to give force and validity to these proceedings were not given, served upon or notified to the person interested, as is required by the express provisions of said charter in respect thereto.

The language of the city charter is as follows (*vide* section 83) : " It shall be the duty of the common council of said city, within one month after the presentation of the said report, to cause a notice of the appropriation of said assessment and costs to be served upon every person, his or her guardian or legal representative, against whom the same is made and whose residence is in said city."

The affidavit of the city clerk shows that he served the notice referred to in this section upon the prosecutor by leaving a copy at his residence in the city of Trenton with a member of the family. This is a sufficient service. Where proceedings for contempt are contemplated, and in most cases of process, service is required, but in other cases a notice is served upon a person if left with a member of his family at his actual residence. *Griffiths* v. *Marsh,* 4 *T. R.* 464; *Johnston* v. *Robbins,* 3 *Johns.* 440.

*Fourth.* The last reason attacks the constitutionality of that provision of the charter of the city of Trenton which provides that a refusal of two-thirds of the persons affected by any assessment to agree to it shall nullify the assessment, and that in the absence of such refusal to agree the final report of the assessors shall stand. This provision, which may, in one event, become a restriction upon the action of the municipal corporation, is in no respect an infringement upon the prosecutor's constitutional privileges. It leaves him free to assert his property rights, as, in fact, he is doing by the proceeding now under review.

There appears in the record before us no error which should lead to a reversal.