UNITED STATES v. KENWORTHY et al.

(District Court, E. D. Pennsylvania. January 2, 1894.)

No. 3.

CUSTOMS DUTIES—APPRAISERS—VALUATION.

Under the tariff act of 1883 the appraisers were limited to determining the "market value" at the place from which the importation was made, and could not add thereto any commissions, or consider the cost of the particular goods, except as a means of determining market value.

At Law. Action against Kenworthy & Bro. to recover duties. New trial granted.

Ellery P. Ingham, for the United States.

Leonard Myers, for defendants.

BUTLER, District Judge. In 1884 the defendants imported a cargo of wool from Glasgow, and paid duty thereon according to the entry. The appraiser raised the value, placed the wool in a higher class and increased the duty accordingly. The defendants thereupon complained and demanded a "merchant appraisement." The collector selected an experienced merchant, who with the appraiser re-examined the question. The merchant sustained the entry, finding the wool to be below 12 cents in value, as entered, while the appraiser placed it materially higher—subjecting it to an increased rate of duty. On report of this disagreement the collector adopted the appraiser's valuation. The importers appealed to the secretary of the treasury, who affirmed the collector's action.

While the law governing the subject is made intricate by the terms of the various sections of the several statutes applicable, it is nevertheless well settled by the decisions of the courts. The action of the collector when unappealed from, or affirmed, is final in so far as he has confined himself to a discharge of his proper duties under the statutes. When his acts are unlawful, or improper, they are not binding. On suit by the importers to recover improper exactions, or by the government to recover unpaid assessments (after appeal to the secretary) he may show that the action of the customs officers was unlawful or improper, that the importation was improperly classified, etc. The valuation when made in conformity with law is final. The subject has been so fully discussed in the several

cases which have arisen that nothing can profitably be added. See Hilton v. Merritt, 110 U. S. 97, [3 Sup. Ct. 548;] Converse v. Burgess, 18 How. 413; Schlesinger v. U. S., 120 U. S. 264, [7 Sup. Ct. 546;] Clinkenbeard v. U. S., 21 Wall. 65; Earnshaw v. U. S., 146 U. S. 60, [13 Sup. Ct. 14.] The argument of plaintiff's counsel (in error) and his citation of authorities, in the case last named may be examined with profit in considering this question.

In the case before us it was the appraiser's duty and after him the collector's to ascertain the market value of the wool at Glasgow, and so appraise it. If they did this the importers must pay accordingly. The importers say, however, they did not, that they added commissions to this value, which the statute of 1883 expressly forbids. If an importer should deduct commissions from the actual market value of his merchandise it would be a fraud, and the customs officers of course might add or disregard it. There is nothing here, however, to justify suspicion of such fraud; on the contrary the appraiser exonerates them from any imputation of an attempt to impose on the government.

Is there evidence that the appraiser and collector added commissions to the market value? I believe there is. It seems reasonably clear from the appraiser's report (which the collector adopted) and the accompanying explanatory letter that he made such addition. It is urged that he merely used the commissions to make "market value." But we do not think the report and letter admit of this view. In the latter he says: "While I might have felt disposed to defer to his [the merchant's] greater experience and better judgment as to the quality of the wool, and the actual market value thereof, were these, without qualification, the only points to be considered;" and he then proceeds to state his views of the law, and to discuss the facts in the light of these views. He was wrong in supposing that his duties in this regard involved more than an ascertainment of the quality of the wool and its market value. What he says seems to show that instead of confining himself to ascertaining the market value of such wool at Glasgow, as the merchant did, he sought to determine what this particular cargo cost the defendants, after allowing them one of the two commissions which they were compelled to pay, under the peculiar circumstances attending the purchase. This was a mistake. If they had been compelled to pay four commissions instead of two they would have been so much the more unfortunate. But it would have interested themselves alone. The error arose from supposing the appraiser had anything to do with the subject. The importer's liability to the government is based on the actual market value of the merchandise without regard to its cost to the merchant, in commissions or otherwise. Of course this cost may be considered as an element in ascertaining the market value, but nothing more.

The court directed a verdict for the plaintiff pro forma reserving the defendant's point, for the purpose of enabling it to enter judgment for them, if this should seem proper on fuller examination. I now believe it is safer to grant a new trial, on the rule taken for that purpose, and let the question respecting the appraiser's and

collector's acts go to the jury, on the evidence now in and such other as may hereafter be produced, in case the government desires another trial.