opening the default on payment of costs, but allowing the order of reference to stand as if made after issue joined. A trial was then had before the referee, who found in favor of the defendant. Upon confirming the referee's report the court said (page 269):

"It will not do for a party to lie by, taking the chances of a favorable decision before a forum in which he acquiesces, and then, when an adverse result comes, seek to defeat that result, unless the proceedings are entirely void. Such is not the case here."

The motion should therefore be denied, but without costs.

---

BAKER v. GERMAN–AMERICAN INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. DEEDS (§ 82*)—DELIVERY—RECORDING.
   A father conveyed separate tracts to his son and daughters. The deeds were delivered, but he directed that they should not be recorded during his life. As a part of the same transaction, the land was mortgaged by the father to a third person. *Held*, that the son became the owner of the land conveyed to him, though the deed was kept from record to keep the property from his creditors.
   [Ed. Note.—For other cases, see Deeds, Dec. Dig. § 82.*]

2. INSURANCE (§ 668*)—FIRE INSURANCE—OWNERSHIP OF PROPERTY.
   Where, in an action on a standard fire policy covering a dwelling house, barn, and personal property, and stipulating that it should be void if the interests of insured were other than sole ownership, insured testified that he was the owner of the personal property, it was error to grant a nonsuit, irrespective of the ownership of the real estate.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 668.*]

Appeal from Trial Term, Clinton County.

Action by Harley H. Baker against the German-American Insurance Company of New York. From a judgment dismissing the complaint upon a nonsuit, plaintiff appeals. Reversed, and new trial granted.

This is an appeal by the plaintiff from a judgment dismissing the plaintiff's complaint upon a nonsuit. The action was to recover upon an insurance policy for the loss of the plaintiff's house, barn, and certain personal property. The defense was that the plaintiff was not the owner of the property, and that this standard policy provided that it should be void if the interest of the insured be any other than an unconditional and sole ownership. The real property belonged to Joseph Baker, the father of the plaintiff, and in 1900, in the presence of the plaintiff and his two sisters and a reputable attorney, he delivered to the plaintiff a deed of the property in question, and a like deed to each sister of certain other property, and directed that the deeds be not recorded during his lifetime. As a part of the same transaction all of the property covered by the deeds was mortgaged to one Knapp to pay certain indebtedness of the grantor. Each deed provided that they were delivered simultaneously and the lands were all bound alike by the mortgage. It was stated at the time that there was a mortgage against the plaintiff, and the grantor directed that none of the deeds should be recorded during his lifetime. He made and delivered a bill of sale of his personal property to the plaintiff and the two sisters at the same time. Each deed reserved to the grantor the use of the property during his lifetime. About a year after Joseph Baker deeded the property, which he had formerly conveyed, to the plaintiff and to his daughter Frankie, in trust to her, which deed was thereupon promptly recorded. The terms of the trust do not appear. Plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

did not know of the conveyance until after its record. The plaintiff transferred to his two sisters his interest in the personal property covered by the bill of sale from the father. Frankie leased the farm, which had previously been deeded to the plaintiff, for a term, with his knowledge and consent, but in her name. The Knapp mortgage had been paid before the fire. The plaintiff, upon getting married, entered into possession of the property and was occupying the same at the time of the fire. The plaintiff's two sisters gave a bill of sale of the interest in the personal property which they derived from the plaintiff to his wife. The court nonsuited the plaintiff, upon the theory that he was not the owner of the real or personal property.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Wheeler & Elmore (S. L. Wheeler, of counsel), for appellant.
Irving G. Hubbs, for respondent.

JOHN M. KELLOGG, J. The evidence shows clearly the execution and delivery of the deed of the farm by the father to the plaintiff, and that it was kept from record so that the same should be kept, temporarily, at least, from the creditors of the plaintiff. That did not, however, affect the equitable division which the father was making of his property among his children. If the deed was made and delivered, as the evidence tends to show, the circumstance that it was not recorded for the purpose stated would not justify the defense interposed by the defendant. The fact that a trust deed was afterwards given by the grantor to the sister, covering these premises, together with the premises deeded to her, does not divest the plaintiff of the title which he received from his father. Upon the evidence it seems clear that the plaintiff was the owner of the real estate.

The plaintiff swears that he was the owner of the personal property mentioned in the proof of loss, none of which was ever owned by his father or covered by either of the bills of sale. The nonsuit, in any view of the case, was not warranted. Donley v. Glens Falls Ins. Co., 184 N. Y. 107, 76 N. E. 914.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

