NORTH BRITISH & MERCANTILE INS. CO. v. ROSE.

(Circuit Court of Appeals, Third Circuit. January 4, 1916.)

No. 1998.

1. INSURANCE ⊂⊃624—ACTIONS—PARTIES—PERSONS TO WHOM LOSS IS PAYABLE.

In an action on a fire insurance policy which provided that the loss or damage, if any, should be payable to the R. Association as mortgagee as its interest might appear, the R. Association was not a necessary party, where it had received payment of the debt secured by the mortgage, though not from the mortgagor, and had assigned the mortgage, as, having no interest in the insured property, it was without interest legal or equitable in the contract of insurance and in the suit instituted upon it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1557–1570; Dec. Dig. ⊂⊃624.]

2. MORTGAGES ⊂⊃241.—PAYMENT—ASSIGNMENT—OPERATION AND EFFECT.

Where a mortgagee received payment of a debt secured by mortgage from some one other than the mortgagor and assigned the mortgage, though such payment extinguished the debt to it, it did not discharge the obligation of the mortgage, which upon assignment became security for the payment of the debt due the assignee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 624–626; Dec. Dig. ⊂⊃241.]

3. INSURANCE ⊂⊃548—ACTIONS—CONDITIONS PRECEDENT—SUBMITTING TO. EXAMINATION.

Pursuant to a provision of a fire insurance policy that insured as often as required should submit to examination under oath by any person named by the company, insured submitted himself to examination and produced a deed purporting to complete his title to the mortgaged premises. The insurance company's representative raised a doubt as to its genuineness and demanded that the writing be submitted to a handwriting expert. Insured declined to be further examined without counsel. Subsequently, on December 7th, there was a further conference between the insured, his attorney, and the insurance company's representative, at which insured refused to submit the deed to inspection or to submit himself to further examination, but on February 18th he wrote the insurance company submitting himself and his papers to examination, and his offer was rejected by the insurance company. Held, that insured's first refusal to submit himself to further examination was not as a matter of law a complete and final refusal to comply with the provisions of the policy constituting a failure to perform the conditions precedent to a right of action, notwithstanding his subsequent offer to submit himself to examination.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1354; Dec. Dig. ⊂⊃548.]

4. EVIDENCE ⊂⊃271 — ADMISSIBILITY — LETTERS — SELF-SERVING DECLARATIONS.

Under a fire insurance policy requiring insured to submit himself to examination by any person named by the company, insured did so submit

himself and his papers to examination, but afterwards withdrew from the examination. Subsequently through his attorney he receded from this position and offered to submit to further examination. In an action on the policy various letters between his counsel and the insurance company and its counsel respecting this offer and its rejection by the company were admitted in evidence. *Held*, that where, though the letters contained some rambling references to the controversy which if not connected with the offer and its rejection would have had no bearing upon the issues, the letters contained no evidence beyond the evidence of the offer and its rejection, their admission was not error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. ☞271.]

5. APPEAL AND ERROR ☞262, 719—RESERVATION OF GROUNDS OF REVIEW.

In an action on an insurance policy, the alleged error of the trial court in submitting to the jury the question whether insured submitted himself to examination as required by the policy within a reasonable time was not reviewable, where defendant did not ask that this question be withheld from the jury and determined by the court, or except to its submission of the question, and no assignment of error specifically raised the question; an assignment of error being merely directed to several pages of the charge in which the trial judge considered this question, instructed the jury upon the law, and left the question of reasonable time for their determination.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582–1589, 1593–1595, 2968–2982, 3490; Dec. Dig. ☞262, 719.]

In Error to the District Court of the United States for the District of New Jersey; Wm. H. Hunt, Judge.

Action by Martin A. Rose against the North British & Mercantile Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Leo Levy, of New York City, for plaintiff in error.

William Newcorn, of Plainfield, N. J. (W. D. Murray, of New York City, of counsel), for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The questions for review arose out of a policy of fire insurance, issued April 19, 1912, by the North British and Mercantile Insurance Company to Martin A. Rose. A portion of the insured property was burned on September 25, 1912. The owner instituted suit on the policy in the Supreme Court of the State of New Jersey by writ tested March 29, 1913. After removal of the cause to the District Court of the United States for the District of New Jersey, judgment on verdict was entered for the plaintiff.

[1, 2] The right of the insured to maintain this action is challenged on several grounds, the first of which is the non-joinder of the mortgagee named in the policy, or the non-joinder of its assignee. Only the question of the non-joinder of the mortgagee appears in the pleadings and assignments of error, the question of the non-joinder of the assignee, being developed in the briefs.

The policy contains a clause in the usual form for the protection of a mortgagee, as follows:

"Loss or damage, if any, under this policy, shall be payable to the Railroad Co-Operative and Loan Association as mortgagee (or trustee) as interest may appear. * * *"

The only mortgagee whose interest is specifically protected by the terms of the policy is the Railroad Co-Operative and Loan Association. The protection of the policy, by express terms, extends to this mortgagee, and neither by express terms nor by general language is protection extended to any other mortgagee or to an assignee of a mortgagee. It is contended by the defendant insurance company that the designated mortgagee is a proper and necessary party in an action upon the policy, citing McDowell v. St. Paul F. & M. Ins. Co., 207 N. Y. 482, 485, 101 N. E. 457; Glens Falls Ins. Co. v. Porter, 44 Fla. 568, 33 South. 473; West Chester Fire Ins. Co. v. Coverdale, 48 Kan. 446, 29 Pac. 682; Hastings v. West Chester Fire Ins. Co., 73 N. Y. 141; Smith v. Union Ins. Co., 25 R. I. 260, 55 Atl. 715, 105 Am. St. Rep. 882. An examination of these cases discloses that in each the mortgagee, at the institution of the suit, had a present beneficial interest in the policy by reason of a subsisting interest in the property insured, and therefore the mortgagee was held to be either a necessary or a proper party in an action on the policy. Such is not this case.

By another clause in the policy, the defendant insurance company reserved an option to pay the mortgage debt and to receive an assignment of the mortgage, and generally to be subrogated to the rights of the mortgagee. Having in view this provision of the policy, it is suggested in the testimony that before the date of the institution of this suit, the insurance company paid the Railroad Co-Operative and Loan Association the mortgage debt and directed an assignment of the mortgage to a third party. Whether this be true or not is unimportant, for it developed at the trial that between the dates of the issuance of the policy and the institution of the suit, the Railroad Co-Operative and Loan Association, mortgagee, received payment of the debt secured by the mortgage, not from the mortgagor, but from someone else, and assigned the mortgage to the American Mortgage Company. This payment extinguished the debt to the mortgagee, but in no sense discharged the obligation of the mortgage, which upon assignment became security for the payment of the debt due the assignee. By this payment and the assignment of the mortgage, the Railroad Co-Operative and Loan Association was divested of interest in the mortgage and of insurable interest in the mortgaged premises, and its contract of indemnity with the insurance company was terminated. Smith v. Union Ins. Co., 25 R. I. 260, 55 Atl. 715. Being then without interest in the property mortgaged and insured, the mortgagee was without interest, legal or equitable, in the contract of insurance and in the suit instituted upon it. The mortgagee, therefore, was not a necessary party to the action. We make no ruling upon the right of the assignee, by motion of its own, to seek and obtain protection under the policy. The rights of the assignee are not at issue in this case. In view of the terms of the policy and of the restricted exceptions noted to the court's rulings, we fail to find that the court committed error in pro-

ceeding to trial and judgment without the assignee of the mortgagee being joined as a party.

The remaining questions had their rise in an examination to which the insured submitted himself after the fire, pursuant to a provision of the policy which reads:

"The insured, as often as required, shall * * * submit to examinations under oath by any person named by this company."

In the course of this examination, the insured was requested to produce evidence of his ownership of the property destroyed, under a provision of the policy, which provides, that:

"This entire policy * * * shall be void * * * if the interest of the insured be other than unconditional and sole ownership."

In compliance with this request, the insured produced a deed which, if valid, purported to complete title in himself. This deed was neither acknowledged nor recorded. It bore date April 18, 1912, one day before the date of the policy of insurance. The representative of the insurance company thought the ink of the signatures was fresh, suggested a doubt as to the execution of the deed upon its date, and demanded that the writing be submitted to a handwriting expert. This met with objection by the insured, who declined to be further examined without counsel. On December 7, 1912, there was another conference between the representative of the insurance company and the insured, with his attorney, at which the insured refused to submit himself to further examination and the deed to inspection.

On February 18, 1913, the insured, through his attorney, receded from this position and wrote the insurance company submitting himself and his papers to examination pursuant to the terms of the policy. This offer was rejected by the insurance company, and thereupon this suit was instituted. Thus were developed two questions, first, whether the insured fulfilled the requirement of the policy as to ownership of the property, and second, whether he performed the condition precedent to a right of action by submitting himself and his papers to examination.

The plaintiff's title to the property insured was evidenced by a number of conveyances between himself and a real estate corporation of which he was the principal stockholder. These conveyances were for part interests in the property, and, if valid, together placed in the plaintiff the sole title. The lack of acknowledgment and record of the deed of April 18, 1912, was not seriously urged against its validity. Sanford v. Orient Ins. Co., 174 Mass. 416, 54 N. E. 883, 75 Am. St. Rep. 358; Baker v. German American Ins. Co., 133 App. Div. 496, 117 N. Y. Supp. 1104. Each deed bore a date prior to the date of the policy of insurance, and, excepting the one just referred to, all were recorded prior to that date.

The rulings of the learned trial judge in admitting evidence of the plaintiff's ownership of the insured premises and his instructions in submitting that issue to the jury were without error. In deciding that issue in favor of the plaintiff upon evidence which we deem suffi-

cient to support its verdict, the jury determined that the deed of April 18, 1912, was executed upon its date.

[3] The remaining questions for review presented in the brief and urged at the argument by the defendant, are (1) that the trial court erred in not determining as a matter of law, that the plaintiff's refusal in November 1912 to submit himself to further examination was a complete and final refusal to comply with the provisions of the policy in that regard, and that, notwithstanding his subsequent offer, it constituted a failure on the part of the insured to perform the condition precedent to his right of action; (2) that the trial court erred in submitting to the jury as questions of fact, (a) whether the insured by his entire conduct had performed the condition precedent required by the policy, and (b) whether the offer to re-submit himself to examination was made within a reasonable time; and (3) that the trial court erred in admitting and rejecting certain testimony affecting these issues.

We are of opinion that in the first matter complained of there was no error. If error existed in the second, there was no exception or assignment upon which it may be reviewed. The remainder of our inquiry, therefore, is restricted to the correctness of the rulings of the trial court on the evidence.

[4] The court correctly charged that the insured was required to submit himself and his papers to examination as a condition precedent to a right of action on the policy. It appears that in November 1912, the insured submitted himself and his papers to examination, but in December 1912, he withdrew himself and his papers from examination. As held by the learned trial judge, the declination to submit to further examination arrested the performance of the condition precedent required of the insured, and if nothing further had been done, no right of action would have accrued to him. But in February following, the insured, contemplating suit, receded from this position and openly offered to submit himself and his papers to examination. The insured's offer of re-submission was made by correspondence conducted between his counsel and the insurance company and its counsel. The whole of this correspondence was offered by the plaintiff and admitted in evidence. The subject of it was the refusal of the insured to submit to examination, his change of mind, his subsequent offer, and its rejection by the insurance company. The defendant contends that the original refusal was final, that a subsequent offer to submit himself to examination, in point of fact and time, cannot relieve the insured of his previous failure and cannot operate as the performance of the condition precedent. The direct point of two of the letters admitted in evidence is the offer by the insured and its rejection by the defendant. These letters were obviously relevant to the fact of submission. The rest of the corespondence relates to the same subject, in which each party indulges an inclination to present his side of the case in the best light. Yet when analyzed, the letters contain no evidence beyond the important evidence of the offer by the plaintiff and its rejection by the defendant. As they deal with nothing except the offer and its rejection, the letters do not introduce into the case new

and self-serving matters. They contain some rambling references to the controversy, which, if not connected with the offer and its rejection, would have no bearing upon the issues; yet their presence, while not necessary to the proofs, neither adds to nor detracts anything from them. We are therefore of opinion that the admission of the correspondence in evidence did not constitute error.

[5] The jury having determined by its verdict that the insured in fact submitted himself to examination, the question then arose whether he fully performed the condition precedent by submitting himself within a reasonable time. The court left that question to the jury as one of fact. The defendant now contends that it should have been determined by the court as a matter of law, urging that the testimony presents no disputed facts from which conflicting inferences may be drawn, requiring decision by a jury, Burr v. Adams Express Company, 71 N. J. Law, 263, 58 Atl. 609; Timlan v. Dilworth, 76 N. J. Law, 568, 71 Atl. 33, but, on the contrary, presents a sequence of undisputed facts calling for decision by the court. Wiggins v. Burkham, 10 Wall. 129, 132, 19 L. Ed. 884; Earnshaw v. United States, 146 U. S. 60, 67, 13 Sup. Ct. 14, 36 L. Ed. 887.

It is not necessary for us to determine whether there existed a dispute with respect to the evidence that controlled the question whether the matter was for the jury or for the court. It is sufficient to state that a very close examination of the record discloses no point addressed to the court by the defendant praying that the question of reasonable time be withheld from the jury and determined by the court, and reveals no exception to the submission of the question to the jury and no assignment of error specifically raising the question.

The twenty-second assignment of error is directed to several pages of the charge in which the trial judge considered at length the several transactions relating to the insured submitting himself to examination, which include the conduct of the insured, his counsel, the insurance company and its counsel, and in which the trial judge instructed the jury upon the law and left with the jury the question of what was reasonable time under the circumstances. In the absence of specific exception and of sufficient assignment of error, we are of opinion that the alleged error of the trial court in submitting the question of reasonable time to the jury is not before this court for review. The other questions raised by the many assignments of error, while receiving our careful consideration, are not of sufficient importance to require discussion.

The judgment below is affirmed.